Local Form 3015-1 (1/22)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**Tanya Marie Lesnau**
**Jason Allen Lesnau**

Case No. **22-40414**
CHAPTER 13 PLAN ☑ Modified
Dated: **October 24, 2022**

Debtor.
In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 16 | ☐ Included | ☑ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a security interest or lien, set out in Part 16 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 16 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE:** The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.

2.1 As of the date of this plan, the debtor has paid the trustee $ **0.00** .

2.2 After the date of this plan, the debtor will pay the trustee:

| Plan payment | Start MM/YYYY | End MM/YYYY | Total |
|---|---|---|---|
| $670.00 for 12 months | 04/2022 | 03/2023 | $8,040.00 |
| $745.00 for 24 months | 04/2023 | 03/2026 | $17,880.00 |
| $845.00 for 24 months | 04/2026 | 03/2027 | $20,280.00 |
| | | TOTAL: | $46,200.00 |

2.3 The minimum plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4 The debtor will also pay the trustee **0.00** .
2.5 The debtor will pay the trustee a total of $ **46,200.00** [lines 2.1 + 2.2 + 2.4]

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 8 and 9 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $ **4,620.00** [line 2.5 x .10]

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 7.

| | Creditor | Description of Property |
|---|---|---|
| 4.1 | **Eastview Mobile Home Park Inc.** | **Month-to-month lot rent** |

**Part 5. CLAIMS NOT IN DEFAULT** — Payments on the following claims are current. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of Property |
|---|---|---|
| | **-NONE-** | |

**Part 6. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e))** — The trustee will pay the amount of default listed in the proof of claim on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.**

| | Creditor | Amount of default | Monthly payment | Beginning in #mo./yr. | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | | | |
| | | | | | | | TOTAL | $0.00 |

**Part 7. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e)):** The trustee will pay the amount of default listed in the proof of claim in the amount allowed on the following claims. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

| | Creditor | Amount of default | Interest rate (if any) | Beginning in mo.yr | Monthly Payments | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| 7.1 | **Eastview Mobile Home Park Inc.** | $1,595.20 | 0.00 | 04/2022 | 26.58 | 60 | $1,595.20 | | $1,595.20 |
| | | | | | | | | TOTAL | $1,595.20 |

**Part 8. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5))** The trustee will pay, the amount set forth in the "Total Payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14.

| | Creditor | Est. Claim amount | Secured claim amount | Int. Rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | ☐ | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | TOTAL | $0.00 |

**Part 9. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14. All following entries are estimates, except for interest rate. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. §1325(a)(5)(B)(i).

| | Creditor | Est. Secured Claim amount | Int. rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 9.1 | **Wright County** | $1,533.75 | 10.00 | | 04/2022 | $32.59 | 60 | $1,955.40 | | $1,955.40 |
| 9.2 | **Credit Acceptance** | $14,284.00 | 5.25 | ☑ | 04/2022 | $91.29 | 2 | $182.58 | $ | $16,386.62 |
| | | | | | 06/2022 | $279.38 | 58 | $16,204.04 | | |
| 9.3 | **Southwest Sales & Leasing Inc.** | $13,450.96 | 4.00 | ☐ | 04/2022 | $247.72 | 60 | $14,863.20 | $ | $14,863.20 |
| | | | | | | | | | TOTAL | $33,205.22 |

**Part 10. PRIORITY CLAIMS (not including claims under Part 11):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

|  | Creditor | Claim Amount | Beginning in mo.yr. | Monthly payment | # of payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | =Total payments |
|---|---|---|---|---|---|---|---|---|
| 10.1 | Attorney Fees | $3,000.00 | 04/2022 | $204.82 | 2 | $409.64 |  | $409.64 |
|  |  |  | 06/2022 | $16.79 | 10 | $169.70 |  | $169.70 |
|  |  |  | 04/2023 | $84.23 | 24 | $2,021.52 |  | $2,021.52 |
|  |  |  | 04/2025 | $174.26 | 3 | $399.14 |  | $399.14 |
| 10.2 | Internal Revenue Service | $1,457.89 |  | Pro Rata | Pro Rata | $1,457.89 |  | $1,457.89 |
| 10.3 | Minnesota Revenue | $322.00 |  | Pro Rata | Pro Rata | $322.00 |  | $322.00 |
|  |  |  |  |  |  |  | TOTAL | $4,779.89 |

**Part 11. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| Creditor | Claim amount | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | =Total payments |
|---|---|---|---|---|---|---|---|
| -NONE- |  |  |  |  |  |  |  |
|  |  |  |  |  |  | TOTAL | $0.00 |

**Part 12. SEPARATE CLASSES OF UNSECURED CLAIMS** — In addition to the class of unsecured claims specified in Part 13, there shall be separate classes of non-priority unsecured creditors including the following. The trustee will pay the allowed portion of the nonpriority amount listed in the proof of claim. **All following entries are estimates.**

| Creditor | Undersecured claim amount | Interest Rate (if any) | Beginning in mo./yr. | Monthly Payment | # of Payments | Remaing payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
| -NONE- |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  | TOTAL | $0.00 |

**Part 13. TIMELY FILED UNSECURED CLAIMS** — The trustee will pay holders of allowed non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 6, 7, 8, 9, 10, 11, and 12 their pro rata share of approximately $ **1,999.69**   [line 2.5 minus totals in Parts 3, 6, 7, 8, 9, 10, 11, and 12].

13.1    The debtor estimates that the total unsecured claims held by creditors listed in Part 8 and 9 are $ **0.00** .

13.2    The debtor estimates that the debtor's total unsecured claims (excluding those in Part 8 and 9) are $ **45,689.00** .

13.3    Total estimated unsecured claims are $ **45,689.00**   [lines 13.1 + 13.2].

**Part 14. TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 6, 7, 8, 9, 10, 11, 12, and 13, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily filed claims remain subject to objection pursuant to 11 U.S.C. §502(b)(9).

**Part 15. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and §§ 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| Creditor | Description of Property (including complete legal description of real property) |
|---|---|
| -NONE- |  |

**Part 16. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.

Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| | |
|---|---|
| 16.1 | *The plan is a step plan which will pay as follows: $670.00 Monthly for 12 months, then $745.00 Monthly for 24 months, then $845 Monthly for 24 months. |
| 16.2 | **Southwest Sales & Leasing, Inc. :Debtors shall keep the 1996 Champion Mobile Home (VIN #54961899421) insured for full insurable value and maintain liability insurance for at least the duration of the plan. The Debtors will name Southwest Sales & Leasing, Inc. as an additional insured and secured party on the insurance policy.**<br><br>**Credit Acceptance and Southwest Sales & Leasing Inc.: Creditors will release liens upon payment of the secured portion of their claim and Debtors' discharge.**<br><br>**A proof of claim may be filed by the Internal Revenue Service (IRS) for a claim against the debtor(s) for taxes that become payable to the IRS post-petition, limited to only the tax year for which the bankruptcy case was filed. The trustee shall pay such claim as submitted as funds are available pursuant to 11 U.S.C. Statute 1305.**<br><br>**The debtor shall send the Trustee each year during the Chapter 13 Plan, copies of his/her federal and state income tax returns at the time they are filed. If the debtor receives a refund from the federal taxing agency but owes the state taxing agency (or vice-versa), the debtor will net the two out and pay the trustee the amount over $1,200 for a single filer, or $2,000 for a joint filer (not including any Earned Income Credit or Working Family Credit). Any additional amounts shall be turned over to the Chapter 13 trustee as additional plan payments.**<br><br>**APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.**<br><br>**Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim. For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 5, 6, 7, 8, 9, 10, 16 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged.** |

**SUMMARY OF PAYMENTS:**

| Class of Payment | | Amount to be paid |
|---|---|---|
| Payments by trustee [Part 3] | $ | **4,620.00** |
| Home mortgages in default [Part 6] | $ | **0.00** |
| Claims in Default [Part 7] | $ | **1,595.20** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 8] | $ | **0.00** |
| Secured claims excluded from § 506 [Part 9] | $ | **33,205.22** |
| Priority Claims [Part 10] | $ | **4,779.89** |
| Domestic support obligation claims [Part 11] | $ | **0.00** |
| Separate classes of unsecured claims [Part 12] | $ | **0.00** |
| Timely filed unsecured claims [Part 13] | $ | **1,999.69** |
| TOTAL (must equal line 2.5) | $ | **46,200.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 16.

Signed: **/s/ William Kain**
        **William Kain**
        Attorney for debtor

Signed: **/s/ Tanya Marie Lesnau**
        **Tanya Marie Lesnau**
        Debtor 1

Signed: **/s/ Jason Allen Lesnau**
        **Jason Allen Lesnau**
        Debtor 2 (if joint case)

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:                                                              Case No. 22-40414
                                                                                     Chapter 13

Tanya Marie Lesnau
Jason Allen Lesnau

                Debtors.

## NOTICE OF CONFIRMATION HEARING

PLEASE TAKE NOTICE, that the confirmation hearing on the Chapter 13 Plan is scheduled on Thursday, November 3, 2022, at 10:00 a.m. at the U.S. Bankruptcy Court, Courtroom 7 West, 7th Floor, United States Courthouse, 300 South 4th Street, Minneapolis, Minnesota.

Any objection to the modified plan filed shall be filed and served not later than Tuesday, November 1, 2022, which is 48 hours prior to the time and date set for the confirmation hearing.

Dated: October 24, 2022

                                                                    KAIN & HENEHAN, LLC

                                                                    /e/WILLIAM P.KAIN-#143005
                                                                    Attorney for Debtors
                                                                    703 West St. Germain Street
                                                                    PO Box 1537
                                                                    St. Cloud MN 56302
                                                                    (320) 455-2650
                                                                    bill@kainhenehan.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:  Case No. 22-40414

Tanya Marie Lesnau  Chapter 13
Jason Allen Lesnau
Debtor(s)

## DECLARATION OF MAILING CERTIFICATE OF SERVICE

On 10/24/2022, I did cause a copy of the following document(s), described below:

Modified Chapter 13 Plan and Notice of Confirmation Hearing

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of Stretto, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein. Said mailing matrix was downloaded from the District of Minnesota Bankruptcy Court's official court matrix on 10/24/2022.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 10/24/2022

/s/ William Kain
William Kain
Bar No. 143005
Kain + Henehan LLC
703 W St. Germain Street
PO Box 1537
St. Cloud MN 56302-0000
612-438-8006
bill@kainhenehan.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

    Tanya Marie Lesnau

    Jason Allen Lesnau

    Debtor(s)

Case No. 22-40414

Chapter 13

**CERTIFICATE OF SERVICE DECLARATION OF MAILING**

On 10/24/2022, I did cause a copy of the following document(s), described below:

Modified Chapter 13 Plan and Notice of Confirmation Hearing

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document (s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 10/24/2022

Melissa Membrino
c/o Stretto
410 Exchange Ste 100
Irvine, CA 92602
(949) 222-1212
declaration@stretto.com

I certify that on 10/24/2022, I caused a copy of the Modified Chapter 13 Plan and Notice of Confirmation Hearing to be served by First Class United States Mail service, with adequate postage to ensure delivery to:

EXHIBIT

| | | | | | |
|---|---|---|---|---|---|
| Minnesota Department of Revenue | | | Bankruptcy Section | PO Box 64447 | St Paul MN 55164-0447 |
| US Trustee | | | 1015 US Courthouse | 300 S 4th St | Minneapolis MN 55415-3070 |
| United States Attorney | | | 600 US Courthouse | 300 S 4th St | Minneapolis MN 55415-3070 |
| Minneapolis | | | 301 Diana E. Murphy U.S. Courthouse | 300 South Fourth Street | Minneapolis MN 55415-1320 |
| Aidvantage on behalf of | | | Department of Education Loan Services | PO BOX 9635 | Wilkes-Barre PA 18773-9635 |
| American Accounts & Advisers | | | Attn: Bankruptcy | Po Box 250 | Cottage Grove MN 55016-0250 |
| Caine & Weiner | | | Attn: Bankruptcy | 5805 Sepulveda Blvd | Sherman Oaks CA 91411-2546 |
| Credit Acceptance | | | Attn: Bankruptcy | 25505 West 12 Mile Road Ste 3000 | Southfield MI 48034-8331 |
| Credit Collection Services | | | Attn: Bankruptcy | 725 Canton St | Norwood MA 02062-2679 |
| Discover Bank | | | Discover Products Inc | PO Box 3025 | New Albany OH 43054-3025 |
| Eastview Mobile Home Park Inc. | | | 60-B Sycamore Ave | | Annandale MN 55302-3038 |
| First Premier Bank | | | Attn: Bankruptcy | Po Box 5524 | Sioux Falls SD 57117-5524 |
| Green Dot Bank | | | Attn Credit Disputes | | Provo UT 84603 |
| Internal Revenue Service | | | Centralized Insolvency | PO Box 7346 | Philadelphia PA 19101-7346 |
| LVNV Funding, LLC | | | Resurgent Capital Services | PO Box 10587 | Greenville SC 29603-0587 |
| Navient Solutions Inc | | | Attn: Bankruptcy | P.O. Box 9500 | Wilkes-Barre PA 18773-9500 |
| PORTFOLIO RECOVERY ASSOCIATES LLC | | | PO BOX 41067 | | NORFOLK VA 23541-1067 |
| Premier Bankcard, LLC | | | Jefferson Capital Systems LLC Assignee | Po Box 7999 | Saint Cloud MN 56302-7999 |
| Resurgent Capital Services | | | Attn: Bankruptcy | Po Box 10497 | Greenville SC 29603-0497 |
| Sanford Pierson Thone & Strean | | | 1905 E Wayzata Blvd | Suite 220 | Wayzata MN 55391-5005 |
| Southwest Sales & Leasing Inc. | | | PO BOX 116 | | Winsted MN 55395-0116 |
| State of Minnesota | | | Dept of Revenue | PO Box 64447 - Bky | St Paul MN 55164-0447 |
| Stern Recovery Services, Inc. | | | Attn: Bankruptcy | 1102 Grecade St | Greensboro NC 27408-8710 |
| Jason Allen Lesnau | | | 35 Jasmine Avenue | | Annandale MN 55302-3035 |
| Kyle Carlson | | | Chapter 13 Trustee | PO Box 519 | Barnesville MN 56514-0519 |
| Tanya Marie Lesnau | | | 35 Jasmine Avenue | | Annandale MN 55302-3035 |
| William P. Kain | | Kain & Henehan, LLC | 703 West St. Germain Street | PO Box 1537 | Saint Cloud MN 56302-1537 |

REVISED 12/15

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re
    Tanya Marie Lesnau
    Jason Allen Lesnau
    Debtor(s).

Case No. 22-40414

## SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☑ MODIFIED CHAPTER 13 PLAN
☐ OTHER (PLEASE DESCRIBE:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. [Individual debtors only] If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. [corporate and partnership debtors only] I have been authorized to file this petition on behalf of the debtor.

Date: 10/24/22

X _____
Signature of Debtor 1 or Authorized
Representative
Tanya Marie Lesnau
Printed Name of Debtor 1 or
Authorized Representative

X _____
Signature of Debtor 2
Jason Allen Lesnau
Printed Name of Debtor 2